**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VERONICA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST,<br><br>Defendants. | ) | No. 26 C 1353<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

Plaintiff Veronica Williams had her personal identifiable information ("PII") compromised when her employee benefits providers, Defendants Trustees of the SEIU Local 1 & Participating Employers Health Trust and Trustees of the SEIU Local 1 & Participating Employers Pension Trust, suffered a data breach. After learning of the data breach, Williams filed this putative class action against Defendants, bringing negligence, breach of fiduciary duty, breach of implied contract, invasion of privacy, unjust enrichment, and declaratory judgment claims. Defendants have moved to dismiss the breach of implied contract, invasion of privacy, unjust enrichment, and declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6).[1] Because Williams has failed to allege monetary damages and an intentional intrusion upon seclusion, the Court dismisses the breach of implied contract and invasion of privacy claims without prejudice. And although her declaratory judgment claim cannot proceed as a standalone claim, the Court allows Williams to pursue the relief she seeks therein.

---

[1] Williams has agreed to voluntarily dismiss the unjust enrichment claim, Doc. 30 at 7 n.2, and so the Court does not address that claim further.

## BACKGROUND[2]

Defendants are trustees of a multiemployer employee benefit plan, providing medical, dental, vision, and other employee benefits to SEIU members, including Williams. As a part of providing these benefits, Defendants collect and maintain the PII of their members.

On March 27, 2025, Defendants launched an investigation into suspicious activity related to certain email accounts. The investigation revealed hackers had obtained unauthorized access to one account on March 4 and March 27, 2025. As a result, hackers compromised the security of certain members' names, dates of birth, Social Security information, and financial information. Defendants notified their members about the data breach, acknowledging that it "created a present, continuing, and significant risk of identity theft." Doc. 1 ¶ 23. Defendants encouraged their members to review their bank and credit card statements, as well as their credit reports. Defendants offered some victims of the data breach credit monitoring and identity related services.

Because Defendants had Williams' PII, the data breach compromised her PII, which "has already been published—or will be published imminently—by cybercriminals on the dark web." *Id.* ¶ 34. Williams has spent time and effort monitoring her accounts to protect herself from identity theft, as instructed by Defendants. Williams has suffered from an uptick in spam and scam calls, phishing attempts, anxiety, sleep disruption, stress, fear, and frustration. Williams considers herself to be at an increased risk of fraud and identity theft and anticipates spending considerable amounts of time and money to mitigate this risk. She believes the value of her PII has diminished as a result of the data breach.

---

[2] The Court takes the facts in the background section from the complaint and the exhibit attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Breach of Implied Contract (Count II)

First, Defendants argue that the Court should dismiss Williams' breach of implied contract claim because Williams has not alleged "measurable, monetary contract damages." Doc. 23 at 5. To sufficiently allege a breach of implied contract under Illinois law, a plaintiff "must establish an actual loss or measurable damages resulting from the breach." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 149 (2005). Williams argues that the time she has lost monitoring her accounts and handling an increase in spam and phishing calls and text messages sufficiently amounts to damages for purposes of her breach of contract claim. Defendants argue, however, that Illinois does not recognize lost time as sufficient to establish damages absent some actual financial harm.

Williams relies on *Bernardino v. HAH Group Holdings, LLC*, where the court recognized a "lost-time damages theory" based on the Seventh Circuit's statement in *Dieffenbach v. Barnes & Noble, Inc.* that "the value of one's own time needed to set things straight is a loss from an opportunity-cost perspective" that "can justify money damages." No. 1:24-CV-7595, 2026 WL 1398722, at *9 (N.D. Ill. May 19, 2026) (quoting *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 587 (N.D. Ill. 2022) (quoting *Dieffenbach*, 887 F.3d 826, 828 (7th Cir. 2018))). The Court, however, does not find it appropriate to recognize such a theory under Illinois law given the Illinois Appellate Court's rejection of the lost time theory and refusal to "hold that the alleged diminution in value of plaintiffs' personal information amounts to actual monetary damages." *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 34 ("While plaintiffs argue that lost time responding to a data breach meets the standard of actual monetary damages, they rely on federal law rather than Illinois case law." (citing *In re Arthur J. Gallagher*, 631 F. Supp. 3d at 587)); *see also Glebiv v. Midwest Gaming & Ent., LLC*, No. 23-cv-16225, 2026 WL 579211, at *5 (N.D. Ill. Mar 2, 2026) ("Plaintiffs' alleged injuries remain predicated upon the diminution of value of their personal information, an increased risk of future harm, a lost benefit-of-the-bargain theory, or lost time. Illinois courts have declined to recognize such injuries as monetary damages for a breach of implied contract claim." (citations omitted)); *Wittmeyer v. Heartland All. for Hum. Needs & Rts.*, No. 23 CV 1108, 2024 WL 182211, at *5–6 (N.D. Ill. Jan. 17, 2024) (rejecting lost time and diminution in value of PII damages theories for Illinois breach of implied contract claims based on *Flores*). Because Illinois courts would not recognize a lost time theory as sufficient to support damages for a breach of implied contract claim and Williams has not alleged any cognizable monetary damages, the Court must dismiss her breach of contract claim. *See Nazzaro v. Tecta Am. Corp.*, No. 25 C 448, 2025 WL 2604790, at *7

(N.D. Ill. Sept. 9, 2025) ("[A]ny claims that the time Plaintiffs had to expend to address the consequences of the Data Breach is not sufficient to plausibly show an economic injury for purposes of an implied contract claim.").

**II. Invasion of Privacy (Count III)**

To state a claim for invasion of privacy based on intrusion upon seclusion,[3] Williams must allege "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Jacobson v. CBS Broad., Inc.*, 2014 IL App (1st) 132480, ¶ 47. Defendants argue that Williams "cannot plausibly . . . allege that Defendants *intentionally* intruded upon her seclusion." Doc. 31 at 5. Because "no Illinois court has expressly identified a standard for what constitutes an intentional intrusion," the Seventh Circuit has relied on the definition of intent found in the Second Restatement of Torts: when an "actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Socha v. City of Joliet*, 107 F.4th 700, 712 (7th Cir. 2024) (quoting Restatement (Second) of Torts § 8A (1965)).

Williams alleges that Defendants "acted with a knowing state of mind when they permitted the Data Breach because they knew their information security practices were inadequate." Doc. 1 ¶ 129. This allegation does not allow the Court to infer that Defendants intentionally provided their members' PII to third party hackers. *Cf. McKenzie v. All Connect, Inc.*, 369 F. Supp. 3d 810, 819 (E.D. Ky. 2019) ("Plaintiffs allege that an employee of Allconnect took an affirmative action to gather the tax information for Allconnect employees and send it in

---

[3] An invasion of privacy claim can arise from four legal theories: intrusion upon seclusion, appropriation of a person's name or likeness, publicity given to private life, and publicity placing a person in a false light. *In re Mondelez Data Breach Litig.*, No. 23 C 3999, 2024 WL 2817489, at *8 (N.D. Ill. June 3, 2024). Williams has clarified in her response that she bases her invasion of privacy claim only on a theory of intrusion upon seclusion. *See* Doc. 30 at 7 n.3.

response to a fraudulent email. The allegation that the employee gathered employees' data constitutes sufficient factual information to plead an intrusion."). Rather, Williams' allegations sound in negligence, alleging that Defendants knew that they had inadequate safety measures and that their negligence in implementing proper measures to address the vulnerabilities allowed third party hackers to obtain unauthorized access to her PII. In other words, Williams alleges that Defendants did not do enough to protect their members' PII, not that Defendants intentionally leaked their members' PII to a third party. This does not suffice to allege intentional intrusion upon seclusion. *See In re Kemper Sports Mgmt. Data Breach Litig.*, No. 24-CV-8503, 2026 WL 25820, at *9 (N.D. Ill. Jan. 5, 2026) ("Because third parties carried out the intentional conduct described in the amended complaint, it fails to state a claim against Kemper for the intentional tort of intrusion upon seclusion."); *Nazzaro*, 2025 WL 2604790, at *5 ("Yet even an allegation that [Tecta] knew better than to configure its security the way it did, or intentionally failed to keep Plaintiffs' PII safe, still falls short of a plausible allegation that [Tecta] intentionally intruded upon Plaintiffs' privacy." (alterations in original) (quoting *In re Moveit Customer Data Sec. Breach Litig.*, No. 23-md-3083, 2025 WL 2179475, at *13–14 (D. Mass. 2025)); *Roper v. Rise Interactive Media & Analytics, LLC*, No. 23 CV 1836, 2023 WL 7410641, at *8 (N.D. Ill. 2023) ("Plaintiffs do not allege that Defendant intentionally provided their private information to the hackers; indeed, they allege the opposite—Defendant negligently allowed the hackers to access their data. In other words, it was the hackers, not Defendant, who made the unauthorized intrusion.").[4] The Court therefore dismisses Williams' invasion of privacy claim.

[4] Williams cites to *Bowen v. Paxton Media Group, LLC*, a case from the Western District of Kentucky, in which the court found that an intrusion upon seclusion claim based on a data breach could proceed past a motion to dismiss because the allegations "could lead a jury to infer that [the defendant] acted with such reckless disregard as to the safety of Plaintiffs' confidential financial information to rise to the level of

## III. Declaratory Judgment (Count VI)

Williams requests a declaratory judgment and injunction to address Defendants' obligations to safeguard the PII it collects. Defendants first argue that the Court should dismiss this claim because declaratory judgment and injunctions are not cognizable claims but rather types of relief. *See Nazarro*, 2025 WL 2604790, at *7 (dismissing a standalone claim for declaratory judgment). Williams acknowledges the "general proposition that injunctive and declaratory relief are forms of relief and not individual claims," but she argues that "the appropriate remedy is not dismissal" but rather "to treat this count as a prayer for relief tied to [her] underlying substantive claims." Doc. 30 at 11; *see Nazarro*, 2025 WL 2604790, at *7 (noting that the dismissal of a standalone declaratory judgment claim "does not constitute a decision on the merits as to whether Plaintiffs may be entitled to" declaratory or injunctive relief).

Even treating the claim as a request for relief, Defendants argue that Williams lacks standing to pursue such relief. To establish standing to seek declaratory or injunctive relief, Williams must allege (1) "an actual or imminent threat of suffering a concrete and particularized 'injury in fact,'" which (2) Williams can fairly trace to Defendants' conduct and that (3) a favorable judicial decision will likely prevent or redress. *Common Cause Ind. v. Lawson*, 937 F.3d 944, 949 (7th Cir. 2019). Williams "must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851

---

intentionally allowing the intrusion upon Plaintiffs' seclusion." No. 5:21-CV-00143, 2022 WL 4110319, at *8 (W.D. Ky. Sept. 8, 2022). Kentucky law, however, recognizes that "[a] defendant's actions may be intentional when the Defendant acts with such reckless disregard for the privacy of the plaintiff that the actions rise to the level of being an intentional tort." *Id.* at *7 (alteration in original) (citation omitted); *see also Angus v. Flagstar Bank, FSB*, No. 21-cv-10657, 2025 WL 937760, at *2 (E.D. Mich. Mar. 27, 2025) (declining to dismiss a public disclosure of private facts claim because reckless conduct could potentially satisfy the intent element of the claim). Williams does not point the Court to any similar proposition of law in Illinois.

F.3d 734, 738 (7th Cir. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 95–96.

In data breach cases, the Seventh Circuit has found that the increased risk of identity theft constitutes a sufficiently imminent future injury. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 692–94 (7th Cir. 2015) (increased risk of identity theft was not a mere "allegation[ ] of possible future injury" but a "certainly impending" future harm given that the data breach had already occurred (citation omitted)); *see also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966–67 (7th Cir. 2016) (finding "the increased risk of fraudulent charged and identity theft [that plaintiffs] face because their data has already been stolen" to be "concrete enough to support a lawsuit"). While Defendants note that Williams' PII may not have actually been accessed and stolen in the data breach, the Court accepts Williams' allegation that the data breach exposed her PII. Williams therefore has sufficiently alleged an imminent injury allowing her to pursue declaratory and injunctive relief. *Bernardino*, 2026 WL 1398722, at *4. To the extent that discovery reveals that the data breach did not expose Williams' PII, Defendants may reassert their standing argument.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [23]. The Court dismisses the breach of implied contract, invasion of privacy, and unjust enrichment claims (Counts II, III, and IV) without prejudice. Although Williams cannot pursue her declaratory judgment claim (Count VI) as a standalone claim, the Court allows her to pursue the relief included therein.

Dated: October 28, 2026

SARA L. ELLIS
United States District Judge